IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSLYNN TERRELL, Individually and as Representative of the Estate of JAMAAL R. VALENTINE, Deceased; ANGELA BUTLER, as next friend of J.V. and JA.V., Minors; and CRYSTAL TRUITT, as next friend of S.M., a Minor       Plaintiffs | § § § § § § § § | |
| v. | § § | CIVIL ACTION NO. 3:11-cv-229 |
| CITY OF LA MARQUE, TEXAS; FORMER CHIEF RICHARD PRICE; RICHARD GARCIA; FOREST GANDY; MIKE KELEMAN; and TASER INTERNATIONAL, INC.       Defendants | § § § § § § | |

### PLAINTIFFS' RESPONSE OPPOSING DEFENDANTS CITY OF LA MARQUE, TEXAS AND FORMER CHIEF RICHARD PRICE'S MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

TO THE HONORABLE COURT:

Plaintiffs file this, their Response Opposing Defendants City of La Marque, Texas ("City") and Former Chief Richard Price's ("Price") Motions to Dismiss for Failure to State a Claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs request that the Court deny the Motions in every respect and retain Plaintiffs' claims on the Court's docket as described herein. In support thereof, Plaintiffs respectfully show the Court the following:

### I. INTRODUCTION

Movants criticize Plaintiffs for not pleading factual allegations of all of the proof necessary to survive a motion for summary judgment on Plaintiffs' claims made pursuant to 28 U.S.C. § 1983.

Most of the case support for the Motion to Dismiss are cases decided before *Twombly* and *Iqbal* and are appeals from jury verdicts or summary judgments, after the Plaintiffs have had the full benefit of formal discovery. Additionally, as shown herein, the factual allegations contained in Plaintiffs' complaint survive the *Twombly* and *Iqbal* pleading standards when considered in the context of a Section 1983 claim.

## II. ARGUMENT & AUTHORITIES

The standard of review for the Court's decision on this Motion depends on the Court's ruling. Movants may not appeal an order denying a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Jackson v. City of Atlanta, Tex.,* 73 F.3d 60, 62 (5th Cir. 1996). If the Court grants the motion to dismiss, the Fifth Circuit will review the ruling *de novo*. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). Both this Court and the appellate court, if applicable and necessary, must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiffs. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009); *Sullivan*, 600 F.3d at 546. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Iqbal*, 129 S.Ct. at 1950.

Although the Supreme Court requires that plaintiffs show that their pleadings plausibly give rise to an entitlement for relief, the Court also recognized that the plausibility standard is context-specific and requires a judge to use his or her experience and common sense. *Id.* However, the Court made plain that it was not abandoning the "short plain statement of the claim showing that the pleader is entitled to relief" requirement of Federal Rule of Civil Procedure 8(a)(2). *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Courts are still struggling with what the

"plausibility" standard requires because "[o]n one hand, the Supreme Court has adopted a 'plausibility' standard, but on the other hand, it has insisted that it is not requiring fact pleading...." *Id.  See also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 630 (6th Cir. 2009) ("Exactly how implausible is 'implausible' remains to be seen, as such a malleable standard will have to be worked out in practice.").  The degree of specificity necessary to establish plausibility and fair notice and the need for sufficient factual allegations depend on the context of the case.  *Breaux v. Am. Fam. Mut. Ins. Co.*, 554 F.3d 854, 862 (10th Cir. 2009), *citing Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

For the sake of clarity, Plaintiffs respond to Movants' Motions together, as each motion contains essentially the same arguments.

### A.     Much of Movants' Case Support is Irrelevant

In Section I of Defendants' Motions, the City and Price rely heavily on a number of cases.  However, the very citation of these cases within Movants' briefs belies that only *Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010) was decided since the U.S. Supreme Court's decision of *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Necessarily, then, none of the cases decided before these decisions apply the heightened pleading standard mandated by *Iqbal* and *Twombly*.

Nearly all of the cases cited within this portion of Movants' briefs were decided after the plaintiffs had the benefit of the discovery process.  Even *Brown v. Callahan*, the only post-*Twombly* case, is the Fifth Circuit's review of the district court's denial of a motion for summary judgment.  623 F.3d at 252.  Although these cases may be helpful at that stage of the litigation to demonstrate whether Plaintiffs can prevail before a jury, simply highlighting an element of a claim that Plaintiffs

did not plead when the full context of the claim has not yet been discovered cannot form the basis to dismiss an otherwise well-pleaded complaint.

Movants' Motions would seem to imply that to survive a motion to dismiss in a Section 1983 case a plaintiff would be forced to plead by name and title what specific policy or procedure a plaintiff would rely on to survive a motion for summary judgment in plaintiff's original complaint. No plaintiff would ever be able to meet this pleading requirement. However, in the present case the officers' unexplained use of excessive force that results in the death of a minority individual who was requesting medical care and not resisting arrest makes plausible Plaintiffs' alternative theories of Section 1983 liability against the City and Price.

**B.     Plaintiffs Allege Movants Independent Involvement**

Plaintiffs' First Amended Complaint makes clear that they file no *respondeat superior* claims against Movants under Section 1983. Specifically, Plaintiffs allege in the alternative that Movants:

1. were the policymaker for constitutionally deficient policies, procedures, practices, and/or customs that proximately caused the assault of and excessive force used on Decedent[1];

2. negligently hired the officers who participated in the assault on Decedent[2];

3. failed to adequately supervise the officers who participated in the assault on Decedent[3]; and

4. failed to train the officers who participated in the assault on Decedent.[4]

---

[1] Plaintiffs' First Amended Complaint, ¶¶ 8 and 34.

[2] *Id.*, ¶¶ 8 and 33.

[3] *Id.*, ¶¶ 8 and 35.

[4] *Id.*, ¶¶ 8 and 36.

Plaintiffs further alleged that any or all of these acts and/or omissions are the proximate or producing cause of the Decedent's assault and/or death. Each of these alleged acts and/or omissions attribute liability directly to Movants. The first allegation listed herein seeks to hold Movants liable for implementing unconstitutional policies; the remaining three refer to Movants' actual and affirmative participation in an act which causes a constitutional deprivation. *See Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996). None of Plaintiffs' allegations requires *respondeat superior* liability to attribute liability to Movants to be found liable under Section 1983.

Movants also claim that Plaintiffs' inadequate training claims and/or claims that Movants were deliberately indifferent to the rights of minorities must fail because they do not allege a pattern of similar violations. *See* Defendant Price's Motion at 7, *citing Brown v. Callahan, 623 F.3d 249, 255* (5th Cir. 2010) (quoting *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)). *Iqbal* does not require the plaintiff to plead "detailed factual allegations." 129 S.Ct. at 1949. As such, when the Court reviews Plaintiffs' complaint herein using its judicial experience and common sense, it knows that the specifics of a pattern of similar violations - the who, what, where, when, and why similar constitutional violations occurred - is the subject of discovery which must be obtained from the City and Price.

If, after full discovery, Plaintiffs are unable to support their claims of the deliberate indifference, Plaintiffs expect that (a) they will either abandon those claims or (b) Movants will file a motion for summary judgment and the Court will rule on whether Plaintiffs adequately supported their claims of deliberate indifference. However, if this Court requires Plaintiffs to carry a higher pleading burden by alleging what they must support with summary judgment proof to reach the ultimate fact finder, it will eviscerate both Rule 8 and Section 1983. No person whose constitutional

rights have been violated will *ever* survive a Rule 12(b)(6) motion to dismiss unless the government actors' conduct is so flagrant that it can be discovered outside of the context of litigation. No person will ever be able to propound interrogatories or requests for production on an supervising officer or depose that officer regarding whether other similar constitutional violations occurred without, for example, first reading about them in the media.

Notably, Movants cite *Murphy v. Kellar* in support of the proposition that "[p]ersonal involvement is an essential showing in a Section 1983 case." Def. Price's Mot. at p. 5, *citing* 950 F.2d 290, 292 (5th Cir. 1992). In *Murphy*, the Fifth Circuit reversed and remanded the district court's dismissal of a Section 1983 action pursuant to 28 U.S.C. § 1915(d), holding that, "[b]ecause Murphy was unable to specify which defendants participated in which actions that allegedly violated his constitutional rights, the complaint will be dismissed without prejudice." *Id.* The Fifth Circuit held "[w]hether...Murphy can adequately identify the prison officers who allegedly assaulted him can only be conclusively proved if Murphy is given the opportunity to conduct discovery." Thus, even the law cited within Movants' brief suggests that, in order to prevail at trial, the Section 1983 plaintiff must be able to identify the officers who violated his rights, but is not required to identify them in the pleadings in order to conduct discovery. As such, although Plaintiffs have pleaded the direct involvement of Price and the City, the Fifth Circuit does not require such exacting adherence to the "personal involvement" requirement at the pleadings stage.

**C. Unconstitutional City Policies**

The crux of the portion of the Motion to Dismiss regarding constitutionally deficient city policies appears to be that Plaintiffs did not originally specifically plead that the City's constitutionally deficient policies, procedures, practices, and customs caused the constitutional

deprivation at issue herein. Movants cannot seriously suggest that a Section 1983 plaintiff could discover a constitutionally deficient policy, procedure, practice, or custom via an open records or Freedom of Information request for the City's policy and procedure manual. Instead, a constitutionally deficient policy, procedure, practice, or custom will almost always be an "unwritten rule." Without discovery in the context of litigation, potential Section 1983 plaintiffs must take government officials at their word, without the ability to cross-examine officers and employees of the government entity.

Plaintiffs have repleaded their complaint to specifically allege the causal connection between the City and/or Price's policies and the constitutional deprivations committed against Mr. Valentine that culminated in his assault and death. Additionally, Plaintiffs have more specifically alleged the unconstitutional policies that Price and/or the City adopted as the policy of the City of La Marque Police Department. Beyond this repleading, however, Plaintiffs will be hard-pressed to more specifically plead facts regarding the City's and/or Price's unconstitutional policies, procedures, practices, and/or customs without the benefit of discovery.

### D.   Constitutionally Inadequate Hiring of City Police Officers

Movants rely exclusively on *Board of County Comm'rs of Bryan County v. Brown* for their argument that Plaintiffs unconstitutional hiring claims against Price and the City must fail. 520 U.S. 397 (1997). Again, Movants fail to recognize that *Brown* is an appeal from a jury verdict, after full discovery. 520 U.S. at 402. Where the citizen deprived of constitutional rights died as the result of the deprivation, the Plaintiffs may set about discovering whether those officers backgrounds indicated that they were highly likely to inflict the particular injuries suffered by Decedent. *Brown*, 520 U.S. at 411.

*Terrell, et al v. City of LaMarque, Texas, et al.*                                                                                                     Page 7 of 12
Plaintiffs' Response Opposing Defendants' Motions to Dismiss for Failure to State a Claim

E.     **Constitutionally Deficient Training and Supervision**

Movants rely heavily on Texas Commission on Law Enforcement Standards and Education (TCLEOSE) standards to rebut Plaintiffs' claims that the City and Price had a constitutionally deficient training and/or supervision program. However, the very cases they cite in support of the proposition that TCLEOSE standards are constitutionally adequate provide that Plaintiffs may prove constitutional inadequacy by proving either (1) that the officers responsible for the assault on Decedent did not receive the minimum training required by TCLEOSE, or (2) that the TCLEOSE standards were inadequate. *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992).

Movant's reliance on *Huong v. City of Port Arthur* is misplaced. Defs' Mot. at p. 8, *citing* 961 F. Supp. 1003, 1007 (E.D. Tex. 1997). Counsel for Movants represented the City of Port Arthur in *Huong*. In an opinion that is not binding on this Court, Judge Howell Cobb relied upon the holding in *Brown v. Bryan Co.*, for his assertion that a municipality need only prove its officers' compliance with state-mandated training standards. *Id.*, *citing* 53 F.3d 1410, 1424-1425 (5th Cir. 1995). The Fifth Circuit withdrew the opinion on which Judge Cobb relied on October 23, 1995, before Judge Cobb ruled in *Huong* in February 1997. Moreover, other federal district judges have criticized Judge Cobb's *Huong* holding in cases in which Movants' counsel represents the municipal defendant. "[E]ven where officers have met state training requirements, the Fifth Circuit permits plaintiffs to prove deliberate indifference from failure to train." *Hobart v. City of Stafford*, No. 4:09-cv-3332, 2011 U.S. Dist. LEXIS 46274, at *48 (S.D. Tex. Apr. 29, 2011, Ellison, J.) Judge Ellison stated in footnote 14, citing *Huong* and *Gonzales v. Westbrook*[5], "To the extent that district courts

---

[5]*Gonzales* relies primarily on *Huong* for this conclusion. *Gonzales* also cites *Conner v. Travis County*, which echoes the *Benavides* holding without establishing a presumption of

outside of this district have interpreted Fifth Circuit precedent to provide the blanket immunity Defendants seek, the Court respectfully disagrees with those courts' interpretations." *Id.*, at *48-*49, *citing Gonzales*, 118 F. Supp. 2d 728, 737 (W.D. Tex. 2000) and *Huong*. Moreover, the Fifth Circuit recently recognized that compliance with state training requirements is only a factor weighing against a failure to train finding. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010). Even assuming that *Huong* correctly stated the law, Plaintiffs would be entitled to rebut at trial Movants' claim of immunity.

### F. Price is Not Entitled to Qualified Immunity Based on Pleadings Alone

The only apparent arguments for Movants' assertion that Price is entitled to qualified immunity is that Price's conduct could have been unlawful buy not "clearly unlawful" or that a reasonable police chief could have believed that creating policies and procedures that lead to the assault and death of a minority person is lawful. *See* Def Price's Mot. at p. 17-18. Neither of these arguments would entitle Price to dismiss Plaintiffs' claims at this stage. First, as discussed more fully elsewhere herein, law in this circuit establishes that a municipality's or an officer's reliance on TCLEOSE standards is relevant to their defense against unconstitutional hiring or unconstitutional failure to train claims, but is not dispositive. *Zarnow*, 614 F.3d at 171; *Hobart*, 2011 U.S. Dist. LEXIS 42674, at *48.

Moreover, Plaintiffs pleaded that Price failed to inquire into the background of the officers who assaulted Decedent. Pltfs' First Am. Complaint, ¶ 33. If true, such an allegation indicates that Price wholly abdicated his duty to ensure that the deputies that he hired were properly trained.

---

immunity as *Huong* does. 118 F. Supp. 2d. 728, 737, *citing Conner*, 209 F.3d 794, 798 (5th Cir. 2000).

Alleging that Price conducted no inquiry into his deputies' background includes, but is not limited to, verifying that the deputies he hired complied with all TCLEOSE standards (which bears on both the inadequate hiring and inadequate training claims). Certainly Plaintiffs have the right to discover proof that would be admissible at trial that is probative of whether Price in fact is protected from qualified immunity, rather than this Court accepting at face value the unverified, inadmissible statements of his attorney in a pleading.

### G.     Deliberate Indifference; Causation

As discussed elsewhere herein, Plaintiffs have amended their pleading to more specifically plead that (1) Mr. Valentine's assault and death was part of a larger pattern of constitutional violations and (2) that one or more of the constitutional violations alleged in Plaintiffs' Complaint caused Mr. Valentine's assault and death. Accordingly, these portions of Movants' motions are moot.

### H.     Plaintiffs' State Law Claims

As discussed elsewhere herin, Plaintiffs have amended their pleading to clarify and more specifically plead that (1) Plaintiffs state law claims are valid under the Texas Tort Claims act and brought against City; (2) that Defendant officers used tangivle personal property to proximately cause personal injury and death to Mr. Valentine; (3) that Defendants acted recklessly or with a conscious disregard for the safety of others and (4) that Defendants violated 42 U.S.C. §1983. Accordingly, these portions of the Movants' motions are moot.

### III.  CONCLUSION

Movants have engrafted summary judgment burden of production cases onto the *Iqbal / Twombly* pleading burden analysis in an effort to prevent Plaintiffs from engaging in the discovery

necessary to prove their claims against the City and Price. Plaintiffs have pleaded (and in certain instances, repleaded) the factual portions of their complaint in sufficient detail to be considered "well-pleaded" pursuant to the *Iqbal / Twombly* standard. Finally, Plaintiffs have alleged the elements of their claims against the City and Price and are prepared to engage in discovery once this Court issues an order opening the discovery period to prove those allegations in accordance with the cases Movants cite.

### IV.  **PRAYER FOR RELIEF**

PREMISES CONSIDERED, Plaintiffs request that the Court deny the Motion to Dismiss for Failure to State a Claim, retain this case on the Court's docket, and grant all such other and further relief to which Plaintiffs may show themselves justly entitled. Alternatively, if the Court grants the Motion to Dismiss, Plaintiffs request at least thirty (30) days to replead their claims pleaded herein.

Respectfully submitted,

*/s/ John D. Sloan, Jr.*
JOHN D. SLOAN, JR.
State Bar No. 18505100
J. RYAN FOWLER
State Bar No. 24058357
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
3000 Smith Street, Suite 4
Houston, Texas 77006
Telephone:  (713) 520-8833
Facsimile: (713) 520-9933

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing document was electronically filed on this 19th day of August, 2011, on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following counsel of record:

Mr. William S. Helfand
Mr. Norman Ray Giles
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, Texas 77002

                                      */s/ John D. Sloan, Jr.*
                                      JOHN D. SLOAN, JR.