IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **JOSLYNN TERRELL, Individually and** | § | |
| **as Representative of the Estate of** | § | |
| **JAMAAL R. VALENTINE, Deceased;** | § | |
| **ANGELA BUTLER, as next friend** | § | |
| **of J.V. and JA.V., Minors; and CRYSTAL** | § | |
| **TRUITT, as next friend of S.M., a Minor** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:11-cv-229** |
| | § | |
| **CITY OF LA MARQUE, TEXAS;** | § | |
| **FORMER CHIEF RICHARD PRICE;** | § | |
| **RICHARD GARCIA; FOREST** | § | |
| **GANDY; MIKE KELEMAN; and** | § | |
| **TASER INTERNATIONAL, INC.** | § | |
| **Defendants** | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The conference was held on December 19, 2011 by conference call. J. Ryan Fowler attended on behalf of Plaintiffs. Norman Ray Giles attended on behalf of Defendants, The City of La Marque, Texas, Forest Gandy, Richard Garcia, and Mike Keleman. Keith Robb attended on behalf of Defendant, TASER International, Inc.

2.   List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3.   <u>Briefly</u> describe what this case is about.

   Plaintiffs have brought claims for violations of 42 U.S.C. § 1983, strict products liability, negligence, wrongful death, survival damages and attorney's fees.

   The City and its police officers deny they engaged in misconduct and the officers contend they are protected from liability by qualified immunity.

   TASER denies that its products are defective or that it was negligent. TASER contends that its warnings and instructional material are adequate, that Mr. Valentine's

**death was the result of his own negligence, and that TASER's product was not a cause of Mr. Valentine's death.**

4.  Specify the allegation of federal jurisdiction.

   **The Court has jurisdiction over Plaintiffs' constitutional claims for which redress is provided by 42 U.S.C. § 1983 and is conferred on this Court by 28 U.S.C. § 1343(a)(3). Federal question jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because this action arises under the United States Constitution.**

5.  Name the parties who disagree and the reasons.

   **The parties have agreed to the discovery plan.**

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None known at this time.**

7.  List anticipated interventions.

   **None known at this time.**

8.  Described class-action issues.

   **None.**

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Initial disclosures by each party will be exchanged on or before January 18, 2012.**

10. Describe the proposed agreed discovery plan, including:

   A.  Responses to all the matters raised in Rule 26(f).

   **None other than those otherwise specified herein.**

   B.  When and to whom the plaintiff anticipates it may send interrogatories.

   **Plaintiffs anticipate serving interrogatories on all Defendants within the discovery period.**

   C.  When and to who the defendant anticipates it may send interrogatories.

   **Defendants anticipate serving interrogatories on Plaintiffs within the discovery period.**

   D.  Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiffs anticipate taking oral depositions of Defendants, individuals who were present during the events which lead to this lawsuit, individuals disclosed by Defendants as having knowledge of relevant facts, Defendants' representatives, and Defendants' experts before the discovery period ends.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Defendants, Garcia, Gandy, Keleman and City, anticipate taking oral depositions of Plaintiffs, individuals who were present during the events which lead to this lawsuit, individuals disclosed by Plaintiffs as having knowledge of relevant facts, and Plaintiffs' experts before the discovery period ends.**

**Defendant, TASER, anticipates taking oral depositions of Plaintiffs, witnesses to Jamaal Valentine's conduct and drug use, emergency medical providers, medical providers, medical examiner, law enforcement witnesses, and Plaintiffs' experts before the discovery period ends.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff shall designate experts and provide the reports required in Rule 26(a)(2)(B) by June 1 , 2012.**

**Defendants shall designate experts and provide the reports required in Rule 26(a)(2)(B) by July 2, 2012.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates taking the depositions of Defendants' experts and said depositions are to be complete by the end of the discovery period.**

H. List expert dispositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendants, Garcia, Gandy, Keleman and City, anticipate taking the depositions of Plaintiffs' experts and said depositions are to be complete by the end of the discovery period.**

**Defendant, TASER, anticipates taking the depositions of Plaintiffs' experts and the medical examiner who conducted Jamaal Valentine's autopsy and said depositions are to be complete by the end of the discovery period.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The parties have agreed to the discovery plan.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**As of the date of this Joint Discovery/Case Management Plan, no discovery has been undertaken.**

13. State the date the planned discovery can reasonably be completed.

**Discovery shall be complete by September 28, 2012.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Settlement was discussed by the parties and will be revisited during the course of this suit. TASER does not believe there is a reasonable possibility of prompt settlement.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**All parties have discussed settlement with one another.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**The parties agree to participate in mediation after all rulings on dispositive motions if any claims remain. TASER does not believe Plaintiffs' claims can be resolved through alternative dispute resolution.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties joint position on trial before a magistrate judge.

**The parties jointly agree to Magistrate Judge Froeschner presiding over all matters, including trial in Galveston.**

18. State whether a jury demand has been made and if it was made on time.

**A jury demand has been timely made in this case.**

19. Specify the number of hours it will take to present the evidence in this case.

**The parties anticipate that the presentation of evidence will take approximately 60 hours if all claims currently alleged remain unresolved at time of trial.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**None at this time.**

21. List other motions pending.

   **None at this time.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   **None.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

   **Plaintiffs and Defendants, Garcia, Gandy, Keleman and City, filed their disclosure of interested parties on December 21, 2011. Defendant, TASER International, Inc. filed its disclosure of interested parties on December 22, 2011.**

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

   **JOHN D. SLOAN, JR.**
   **Attorney in Charge**
   **State Bar No. 18505100**
   **Southern District of Texas No. 106566**
   **jsloan@sloanfirm.com**
   **J. RYAN FOWLER**
   **State Bar No. 24058357**
   **Southern District of Texas No. 1060803**
   **rfowler@sloanfirm.com**
   **SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM**
   **3000 Smith Street, Suite 4**
   **Houston, Texas 77006**
   **Telephone: (713) 520-8833**
   **Facsimile: (713) 520-9933**

   **WILLIAM S. HELFAND**
   **State Bar No. 09388250**
   **Southern District of Texas No. 8791**
   **bill.helfand@chamberlainlaw.com**
   **NORMAN RAY GILES**
   **State Bar No. 24014084**
   **Southern District of Texas No. 2966**
   **norman.giles@chamberlainlaw.com**
   **CHAMBERLAIN, HRDLICKA, WHITE,**
   **   WILLIAMS & MARTIN**
   **1200 Smith Street, Suite 1400**
   **Houston, Texas 77002**
   **Phone: (713) 654-9630**

**Facsimile:  (713) 658-2553**

**DOUGLAS D. FLETCHER**
**State Bar No. 07139500**
**Southern District of Texas No. 56262**
**doug.fletcher@fletcherfarley.com**
**KEITH A. ROBB**
**State Bar No. 24004889**
**Southern District of Texas No. 988078**
**keith.robb@fletcherfarley.com**
**FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P.**
**8750 N. Central Expressway, Suite 1600**
**Dallas, Texas 75231**
**Phone:  (214) 987-9600**
**Fax:  (214) 987-9866**

**MICHAEL A. BRAVE**
**Wisconsin State Bar No. 1012226**
*Pro Hac Vice*
**brave@laaw.com**
**ISAIAH FIELDS**
**Arizona State Bar No. 024640**
*Pro Hac Vice*
**isaiah@taser.com**
**TASER INTERNATIONAL, INC.**
**17800 N. 85th Street**
**Scottsdale, Arizona 85255**
**Phone (Isaiah Fields):  (480) 502-6280**
**Phone (Michael A. Brave):  (651) 248-2809**

           Respectfully submitted,

           */s/  John D. Sloan, Jr.*
           JOHN D. SLOAN, JR.
           Attorney in Charge
           State Bar No. 18505100
           Southern District of Texas No. 106566
           jsloan@sloanfirm.com
           J. RYAN FOWLER
           State Bar No. 24058357
           Southern District of Texas No. 1060803
           rfowler@sloanfirm.com
           SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
           3000 Smith Street, Suite 4
           Houston, Texas 77006
           Telephone:  (713) 520-8833

Facsimile: (713) 520-9933

ATTORNEYS FOR PLAINTIFFS, JOSLYNN TERRELL, INDIVIDUALLY and as REPRESENTATIVE OF THE ESTATE OF JAMAAL R. VALENTINE; ANGELA BUTLER, as next friend of J.V, and JA.V., Minors; and CRYSTAL TRUITT, as next friend of S.M., a Minor

*/s/ Norman Ray Giles*
WILLIAM S. HELFAND
State Bar No.
Southern District of Texas No.
bill.helfand@chamberlainlaw.com
NORMAN RAY GILES
State Bar No.
Southern District of Texas No.
norman.giles@chamberlainlaw.com
CHAMBERLAIN, HRDLICKA, WHITE,
   WILLIAMS & MARTIN
1200 Smith Street, Suite 1400
Houston, Texas 77002
Phone: (713) 654-9630
Facsimile: (713) 658-2553

ATTORNEYS FOR DEFENDANTS, CITY OF LA MARQUE, TEXAS; RICHARD GARCIA; FOREST GANDY; and MIKE KELEMAN

*/s/ Keith A. Robb*
DOUGLAS D. FLETCHER
State Bar No.
Southern District of Texas No.
doug.fletcher@fletcherfarley.com
KEITH A. ROBB
State Bar No.
Southern District of Texas No.
keith.robb@fletcherfarley.com
FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P.
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231
Phone: (214) 987-9600
Fax: (214) 987-9866

MICHAEL A. BRAVE
Wisconsin State Bar No. 1012226
*Pro Hac Vice*
brave@laaw.com
ISAIAH FIELDS
Arizona State Bar No. 024640
*Pro Hac Vice*
isaiah@taser.com
TASER INTERNATIONAL, INC.
17800 N. 85th Street
Scottsdale, Arizona 85255
Phone (Isaiah Fields): (480) 502-6280
Phone (Michael A. Brave): (651) 248-2809

ATTORNEYS FOR DEFENDANT, TASER INTERNATIONAL, INC.