IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **JOSLYNN TERRELL, Individually and** | § | |
| **as Representative of the Estate of** | § | |
| **JAMAAL R. VALENTINE, Deceased;** | § | |
| **ANGELA BUTLER, as next friend** | § | |
| **of J.V. and JA.V., Minors; and CRYSTAL** | § | |
| **TRUITT, as next friend of S.M., a Minor** | § | |
| **Plaintiffs** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-cv-229 |
| | § | |
| **CITY OF LA MARQUE, TEXAS;** | § | |
| **RICHARD GARCIA; FOREST** | § | |
| **GANDY; MIKE KELEMAN; and** | § | |
| **TASER INTERNATIONAL, INC.** | § | |
| **Defendants** | § | |

### PLAINTIFFS' RESPONSE TO NON-PARTY GALVESTON COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER

TO THE HONORABLE COURT:

Plaintiffs file this, their Response to Non-Party Galveston County Criminal District Attorney's Office Motion to Quash and/or For Protective Order, and respectfully show the Court the following:

### I. BACKGROUND

1. Plaintiffs are Joslynn Terrell, Individually and as Representative of the Estate of Jamaal R. Valentine, Deceased; Angela Butler, as next friend of J.V. and JA.V, minors; and Crystal Truitt, as next friend of S.M., a minor. Defendants are City of La Marque, Texas; Richard Garcia; Forest Gandy; Mike Keleman; and TASER International, Inc. This is a civil action arising under

42 U.S.C. § 1983 and the United States Constitution to redress the deprivation by the Defendants, acting under color of state law, of certain rights, privileges, and immunities secured to Jamaal Valentine, by the United States Constitution, which resulted in the death of Jamaal Valentine.

2. The death of Jamaal Valentine, which was caused by the actions of Defendants was investigated by the Galveston County Sheriff's Office and the Galveston County District Attorney's Office.

3. On or about January 30, 2012, Plaintiffs served a Subpoena to the Custodian of Records for Galveston County Criminal District Attorney (hereinafter referred to as "District Attorney") for records relating to the investigation of the death of Jamaal R. Valentine. The subpoena commanded that District Attorney comply on or before February 13, 2012 at 10:00 a.m.

4. On February 9, 2012, District Attorney filed a motion to quash the subpoena.

## II. ARGUMENT & AUTHORITIES

5. Although the Court may, on timely motion, quash or modify a subpoena to protect a person subject to or affected by the subpoena, this is not a case in which the Court should do so.

6. The subpoena does not subject a non-party to undue burden. Fed.R.Civ.P. 45(c)(3)(A)(iv).

7. The subpoena does not require disclosing privileged or protected material. Fed.R.Civ.P. 45(c)(3)(A)(iii); *see In re Kaiser Aluminum & Chem.Co.*, 214 F.3d 586, 593 (5th Cir. 2000).

8. The District Attorney attempts to cite the Texas Government Code chapter that deals with requests from the public for information for authority that would allow District Attorney to withhold information that would be responsive to Plaintiffs' subpoena. *See* Motion at 2-6 and 8.

However, the Government Code is very clear that this is improper. Specifically the Government Code states that "this chapter does not affect the scope of civil discovery under the Texas Rules of Civil Procedure," and "Exceptions from disclosure under this chapter do not create new privileges from discovery." TEX. GOV. CODE § 552.005 (a) and (b). The next section of the code states that "a subpoena duces tecum or a request for discovery that is issued in compliance with a statute or a rule of civil or criminal procedure is not considered to be a request for information under this chapter." TEX. GOV. CODE § 552.0055. None of the various Government Code chapter 552 sections cited by District Attorney apply or should be considered by the Court.

### Grand Jury Proceedings

9. The District Attorney has claimed that all documents in their file relate to a grand jury preceding and should be protected from disclosure pursuant to TEX. CODE OF CRIM P. Art. 20.02. *See* Motion at 5. The Code of Criminal Procedure only protects the recordings or transcriptions of the actual grand jury proceedings. TEX. CODE OF CRIM. P. Art. 20.02(b). This statute specifically protects what transpires before the grand jury not every document collected by a district attorney's office prior to a grand jury preceding. If the Court agreed with District Attorney's position every single document collected by the District Attorney in a case that eventually was presented to the grand jury would be privileged and not subject to disclosure.

### Criminal History Record Information

10. Chapter 411 of the Texas Government Code does not apply to criminal history information that is contained in original records of entry, including police blotters maintained by a criminal justice agency that are complied chronologically. TEX. GOV. CODE § 411.081(a)(2). The sub-chapter cited by District Attorney does not prohibit a criminal justice agency from confirming

previous criminal history record information to any person on specific inquiry about whether a named person was arrested, detained, indicted, or formally charged on a specified date. *See* TEX. GOV. CODE § 411.081(c).

### Common-law Privacy

11. The only case law cited by District Attorney is *Industrial Foundation of the South v. Texas Industrial Accident Board*. *See* Motion at 6. *Industrial Foundation*, dealt with worker's compensation claims from a sexual assault of a female clerk following an armed robbery; a claim on behalf of illegitimate children for benefits following their father's death; a teacher's claim for expenses of a pregnancy resulting from the failure of a contraceptive device; claims for psychiatric treatment of mental disorders following work related injuries; claims for injuries to sexual organs, and for injuries stemming from an attempted suicide; and claims of disability caused by physical or mental abuse by co-employees or supervisors. *See Industrial Foundation of the South v. Texas Industrial Accident Board*, 540 S.W.2d 668 (Tex. 1976), cert. denied 430 U.S. 931 (1977). The District Attorney would have the burden of proving that claims of this nature are included in the documents requested by Plaintiffs, however the District Attorney has not brought forth any evidence to carry this burden.

### Emergency Health Care Act

12. The Emergency Health Care Act protects communications from certified medical services personnel and patients receiving treatment. *See* TEX. HEALTH AND SAFETY CODE § 773.091. The privilege can be claimed by the patient or the emergency medical personnel. *Id.* The District Attorney is not entitled to claim the privilege. If anyone in the case before the Court had the right to claim the privilege it would be the patient's estate, one of the Plaintiffs seeking disclosure.

However, even if the Court allowed the District Attorney to claim the privilege an applicable exception to the Act applies. An exception to the confidentiality or privilege in court or administrative proceedings exists in any civil litigation...if the patient is attempting to recover monetary damages for any physical or mental condition, including death of the patient. *See* TEX. HEALTH AND SAFETY CODE § 773.092(a)(4). In the case before the Court the patient, Jamaal Valentine's estate, is attempting to recover monetary damages for his death.

## Medical Practice Act

13. Similarly to the Emergency Health Care Act the Medical Practice Act creates a privilege for communications between a physician and a patient. *See* TEX. OCC. CODE § 159.002. The privilege may be claimed by the patient or the physician. *Id*. The District Attorney is not entitled to claim the privilege. If anyone in the case before the Court had the right to claim the privilege it would be the patient's estate, one of the Plaintiffs seeking disclosure. However, even if the Court allowed the District Attorney to claim the privilege an applicable exception to the Act applies. An exception to the privilege of confidentiality in a court or administrative proceeding exists in a civil litigation...if the patient is attempting to recover monetary damages for any physical or mental condition, including death of the patient. *See* TEX. OCC. CODE § 159.003(4). In the case before the Court the patient, Jamaal Valentine's estate, is attempting to recover monetary damages for his death.

## Peace Officer Information

14. District Attorney's only argument for the protection of peace officer information is Government Code Chapter 552. As previously addressed this statute does not apply to the case at hand.

### Motor Vehicle Record Information

15. The Texas Transportation Code section cited by District Attorney allows for the permitted disclosure of information obtained by an agency in connection with a motor vehicle record for use in conjunction with a civil proceeding in any court or government agency, including service of process, investigation in anticipation of litigation, or under an order of any court. *See* TEX. TRANS. CODE § 730.007.

### Failure to Comply with FED.R.CIV.P. 37(a)(1) and Local Rule 7.1.D

16. Non-party District Attorney's motion is deficient in that counsel for District Attorney failed to confer or even attempt to confer with Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.1.D and failed to include a certificate of conference on its motion to quash.

17. Plaintiffs did confer with District Attorney's counsel, Donna Cameron, after the filing of the motion to quash and prior to the filing of this response, but the dispute remains unresolved.

### III. CONCLUSION AND PRAYER

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Non-Party Galveston County Criminal District Attorney's Office Motion to Quash and/or For Protective Order, and direct Non-Party Galveston County Criminal District Attorney's Office to comply with the subpoena by producing the requested records.

*Terrell, et al v. City of LaMarque, Texas, et al.*  
Plaintiffs' Response Opposing Defendants' Motions to Dismiss for Failure to State a Claim  
Page 6 of 8

Respectfully submitted,

*/s/ John D. Sloan, Jr.*_____
JOHN D. SLOAN, JR.
State Bar No. 18505100
J. RYAN FOWLER
State Bar No. 24058357
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
3000 Smith Street, Suite 4
Houston, Texas 77006
Telephone: (713) 520-8833
Facsimile: (713) 520-9933

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was electronically filed on this 24th day of February, 2012, on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following counsel of record:

Mr. William S. Helfand
Mr. Norman Ray Giles
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, Texas 77002

Douglas D. Fletcher
Keith A. Robb
Fletcher, Farley, Shipmand & Salinas, L.L.P.,
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231

Michael A. Brave,
Isaiah Fields
Taser International, Inc.
17800 N. 85th Street
Scottsdale, Arizona 85255

Donna Cameron
Galveston County District Attorney's Office
600 59th Street, Suite 1001
Galveston, Texas 77551-4137
Via Fax (409) 765-2914

                                             */s/ John D. Sloan, Jr.*
                                             JOHN D. SLOAN, JR.
                                             J. RYAN FOWLER