IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSLYNN TERRELL, Individually and | § | |
| as Representative of the Estate of | § | |
| JAMAAL R. VALENTINE, Deceased; | § | |
| ANGELA BUTLER, as next friend | § | |
| of J.V. and JA.V., Minors; and CRYSTAL | § | |
| TRUITT, as next friend of S.M., a Minor | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-cv-229 |
| | § | |
| CITY OF LA MARQUE, TEXAS; | § | |
| RICHARD GARCIA; FOREST | § | |
| GANDY; and MIKE KELEMAN | § | |
|     Defendants | § | |

**PLAINTIFFS' DISCLOSURE OF EXPERTS
AND SUPPLEMENTAL INITIAL DISCLOSURES**

TO:    Defendants, City of La Marque, Texas; Richard Garcia; Forest Gandy; and Mike Keleman, by and through their attorney of record, William S. Helfand, Norman Ray Giles; Chamberlain, Hrdlicka, White, Williams & Martin; 1200 Smith Street, Suite 1400; Houston, Texas 77002.

    COME NOW Plaintiffs, Joslynn Terrell, Individually and as Representative of the Estate of Jamaal R. Valentine; Angela Butler, as next friend of J.V. and JA.V, Minors; and Crystal Truitt, as next friend of S.M., a Minor, and pursuant to the Court's Scheduling Order, supplement their Rule 26(a) disclosures and designate the following expert witnesses expected to testify at time of trial either in person, by deposition and/or by records:

**RETAINED EXPERT WITNESSES**

    Plaintiff incorporates herein by reference Plaintiff's Initial Disclosures served on Defendants and any and all supplemental disclosures.

(1)    Harry Bonnell, M.D.
           4n6 Pathology, Inc.
           6910 Monte Verde Drive

San Diego, CA 92119-1511
(619) 698-6388

- Dr. Bonnell is a retained expert in the areas of forensic pathology. He is expected to testify regarding (1) his qualifications and areas of expertise; (2) documents related to the subject incident; (3) the details, basis and opinions set forth in his report, or any other supplemental report that he may provide; (4) any other opinions that he may express during deposition or at trial; and (5) any other matters that may be supplemented as discovery in this case continues and in accordance with the Federal Rules of Civil Procedure. Plaintiffs hereby incorporate by reference each and every opinion and the basis of said opinions stated in his report, and each and every document and/or photograph attached to or referenced in his report. All documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for Dr. Bonnell in anticipation of his testimony are attached to, contained or identified in his report, or attached to, contained or identified in other expert reports furnished by Plaintiffs or other parties or witnesses, or have been produced by the Defendants to the Plaintiffs. Dr. Bonnell may also be called upon to rebut the testimony of Defendants' experts.

*See* Dr. Bonnell's Report dated May 29, 2012, produced with this designation. Plaintiffs are also producing Dr. Bonnell's resume and a list of prior trial testimony pursuant to Federal Rule of Civil Procedure 26(a)(2). (Terrell 1007 - Terrell 1018).

Documents provided to Dr. Bonnell for his review are:

1. Documents Produced by City of La Marque (LAM00001 - LAM00029; LAM00037 - LAM00175);
2. Galveston County Sheriff's Office DWQ Records;
3. City of La Marque and Officers' Initial Disclosures;
4. Rules & Procedures Manual (LAM000036);
5. Documents Produced by Plaintiffs (Terrell 1 - Terrell 812, Terrell 833 - Terrell 990);
6. Plaintiffs' Initial Disclosures;
7. 911 Recording (Terrell 816);
8. Anthony Garner Interview (Terrell 817);
9. Keith Pope Interview (Terrell 819);
10. Fred Coleman Interview (Terrell 826;
11. LMPD Unit 5011 (Terrell 991);
12. La Marque 911 Taser (Terrell 992);
13. Marquita Sewgal Interview (Terrell 993);
14. Willy Washington (Terrell 994);
15. Lisa Moore Interview (Terrell 995);
16. Aaron Guillory Interview (Terrell 996);
17. Derek Krenek Interview (Terrell 997);
18. Autopsy Photos (Terrell 998);
19. LMPD Unit 5024 Gandy (Terrell 999);

        20.      LMPD Unit 5019 (Terrell 1000);
        21.      Carmen Theus Interview (Terrell 1001);
        22.      LMPD Unit 5016 (Terrell 1002);
        23.      Bridgette Moore Interview (Terrell 1003);
        24.      Heart Monitor 5-17-09 2149 Hrs (Terrell 1004);
        25.      911/Radio Traffic La Marque PD (Terrell 1005); and
        26.      Photos of Scene (Terrell 1006).

(2)      Michael C. Lyman, Ph.D.
        3703 Hunter Valley Drive
        Columbia, MO 65216
        (573) 875-7472

•     Dr. Lyman is a retained expert in the areas of police policies and use of police force. He is expected to testify regarding (1) his qualifications and areas of expertise; (2) documents related to the subject incident; (3) the details, basis and opinions set forth in his report, or any other supplemental report that he may provide; (4) any other opinions that he may express during deposition or at trial; and (5) any other matters that may be supplemented as discovery in this case continues and in accordance with the Federal Rules of Civil Procedure. Plaintiffs hereby incorporate by reference each and every opinion and the basis of said opinions stated in his report, and each and every document and/or photograph attached to or referenced in his report. All documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for Dr. Lyman in anticipation of his testimony are attached to, contained or identified in his report, or attached to, contained or identified in other expert reports furnished by Plaintiffs or other parties or witnesses, or have been produced by the Defendants to the Plaintiffs. Dr. Lyman may also be called upon to rebut the testimony of Defendants' experts.

*See* Dr. Lyman's Report dated June 1, 2012, produced with this designation. Plaintiffs are also producing Dr. Lyman's resume and a list of prior trial testimony pursuant to Federal Rule of Civil Procedure 26(a)(2). (Terrell 1019 - Terrell 1060).

Documents provided to Dr. Lyman for his review are:

        1.      Documents Produced by City of La Marque (LAM00001 - LAM00029; LAM00037 - LAM00175);
        2.      Galveston County Sheriff's Office DWQ Records;
        3.      City of La Marque and Officers' Initial Disclosures;
        4.      Rules & Procedures Manual (LAM000036);
        5.      Documents Produced by Plaintiffs (Terrell 1 - Terrell 812, Terrell 833 - Terrell 990);
        6.      Plaintiffs' Initial Disclosures;
        7.      911 Recording (Terrell 816);
        8.      Anthony Garner Interview (Terrell 817);
        9.      Keith Pope Interview (Terrell 819);

   10. Fred Coleman Interview (Terrell 826;
   11. LMPD Unit 5011 (Terrell 991);
   12. La Marque 911 Taser (Terrell 992);
   13. Marquita Sewgal Interview (Terrell 993);
   14. Willy Washington (Terrell 994);
   15. Lisa Moore Interview (Terrell 995);
   16. Aaron Guillory Interview (Terrell 996);
   17. Derek Krenek Interview (Terrell 997);
   18. Autopsy Photos (Terrell 998);
   19. LMPD Unit 5024 Gandy (Terrell 999);
   20. LMPD Unit 5019 (Terrell 1000);
   21. Carmen Theus Interview (Terrell 1001);
   22. LMPD Unit 5016 (Terrell 1002);
   23. Bridgette Moore Interview (Terrell 1003);
   24. Heart Monitor 5-17-09 2149 Hrs (Terrell 1004);
   25. 911/Radio Traffic La Marque PD (Terrell 1005);
   26. Photos of Scene (Terrell 1006); and
   27. Plaintiffs' First Amended Complaint.

(3) Eric T. Penn
   Richards & Penn, LLP
   516 East Commerce Street
   Jacksonville, TX 75766
   (903) 284-2361

•  Mr. Penn is a retained expert in the areas of attorney's fees. He is expected to testify regarding (1) his qualifications and areas of expertise; (2) documents related to the subject incident; (3) the details, basis and opinions set forth in his report, or any other supplemental report that he may provide; (4) any other opinions that he may express during deposition or at trial; and (5) any other matters that may be supplemented as discovery in this case continues and in accordance with the Federal Rules of Civil Procedure. Plaintiffs hereby incorporate by reference each and every opinion and the basis of said opinions stated in his report, and each and every document and/or photograph attached to or referenced in his report. All documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for Mr. Penn in anticipation of his testimony are attached to, contained or identified in his report, or attached to, contained or identified in other expert reports furnished by Plaintiffs or other parties or witnesses, or have been produced by the Defendants to the Plaintiffs. Mr. Penn may also be called upon to rebut the testimony of Defendants' experts.

 *See* Mr. Penn's Report dated June 1, 2012, produced with this designation. Plaintiffs are also producing Mr. Penn's resume, fee schedule and a list of prior trial testimony pursuant to Federal Rule of Civil Procedure 26(a)(2). (Terrell 1061 - Terrell 1063).

## NON-RETAINED EXPERT WITNESS

### Non-Retained Medical Experts

The names of the non-retained/non-controlled medical experts and their addresses and telephone numbers are as follows:

**THE FOLLOWING INDIVIDUALS AND ENTITIES, THEIR OFFICERS, DIRECTORS, EMPLOYEES, FORMER EMPLOYEES, AGENTS, SERVANTS, PHYSICIANS, NURSES, ATTENDANTS, PARAMEDICS, EMTS, THERAPISTS, PHARMACISTS, TECHNICIANS, HEALTHCARE PROVIDERS, AND CUSTODIANS OF MEDICAL AND/OR BILLING RECORDS:**

>    Matt Hawthorne
>    City of La Marque EMS
>    Its Custodian of Records, Employees, Agents, Representatives and/or Servants
>    1109-A Bayou Road
>    La Marque, Texas 77568
>    (409) 938-9260
> - Ambulance service providing first aid on the scene of the subject incident made the basis of this suit.

>    Tarek Koussayer, M.D.
>    Mainland Medical Center
>    Its Custodian of Records, Employees, Agents, Representatives and/or Servants
>    6801 Emitt Lowry Expressway
>    Texas City, Texas 77591
>    (409) 938-5137
> - Healthcare provider.

>    DNA Diagnostic Center
>    Its Custodian of Records, Employees, Agents, Representatives and/or Servants
>    205 Corporate Court
>    Fairfield, OH 45014
> - Laboratory that performed DNA testing of Jamaal Valentine.

>    AEGIS Sciences Corporation
>    Its Custodian of Records, Employees, Agents, Representatives and/or Servants
>    515 Great Circle Road
>    Nashville, Tennessee 37228
>    (615) 255-2400
> - Laboratory that performed post-mortem blood testing.

    AIT Laboratories
    Its Custodian of Records, Employees, Agents, Representatives and/or Servants
    2265 Executive Drive
    Indianapolis, Indiana 46241
    (317) 243-3894
- Forensic Toxicology Laboratory.

Memorial Hermann Southeast Hospital
Its Custodian of Records, Employees, Agents, Representatives and/or Servants
11800 Astoria Blvd.
Houston, Texas 77089
(281) 929-6100
- The hospital in which Jamaal Valentine was original en route by ambulance from the scene of the incident made the basis of this suit.

**Subject Matters of Non-Retained Medical Experts.** The subject matters on which said non-retained non-controlled medical experts will testify are as follows:

a. the existence, nature and/or extent of the injuries sustained by Jamaal Valentine and/or Plaintiffs;
b. the examination and treatment of the injuries sustained by Jamaal Valentine and/or Plaintiffs;
c. pre-existing injuries to and/or pre-existing medical conditions of Jamaal Valentine and/or Plaintiffs;
d. the type, purpose, extent, results, evaluations and/or interpretations of examinations, treatments, x-rays and tests regarding Jamaal Valentine and/or Plaintiffs;
e. recommendations, diagnosis and prognosis with regard to the injuries of Jamaal Valentine and/or Plaintiffs;
f. the existence, nature and/or extent of the disabilities and/or incapacities of Jamaal Valentine and/or Plaintiffs, in the past, and the reasonable probability and extent of the disabilities and/or incapacities which Plaintiffs may suffer from in the future;
g. the cause and/or causes of Jamaal Valentine and/or Plaintiffs conditions, injuries, disabilities and/or capacities;
h. medical care and treatment and medications that have been required by Jamaal Valentine and/or Plaintiffs in the past for the treatment of the injuries allegedly sustained by them in the subject incident and for rehabilitation from such injuries;
i. medical care and treatment and medications that will be required by Plaintiffs in the future, if any, for the treatment of the injuries allegedly sustained by them in the subject incident and for rehabilitation from such injuries;
j. the reasonableness and the necessity of the medical services and medical care and medications rendered to Jamaal Valentine and/or Plaintiffs in the past, and that they will in reasonable probability receive in the future, for the injuries sustained by them in the subject incident;


      k.      all those subject matters contained, discussed or disclosed in:
- (1) the medical records of Jamaal Valentine and/or Plaintiffs which have been and that may hereafter be produced in this cause;
- (2) any and all medical records affidavits and/or medical billing affidavits which have been filed and which may hereafter be filed in this cause, and all exhibits thereto;
- (3) the depositions on written questions of Jamaal Valentine's and/or Plaintiffs' healthcare providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto; and
- (4) all written reports of healthcare providers produced during the course of discovery in this cause.

All of which documents are incorporated herein by reference as though set out at length for all purposes.

**Impressions and Opinions of Non-Retained Medical Experts.** The general substance of said non-retained/non-controlled medical experts' mental impressions and opinions are expected to be, and a brief summary of the basis for them are, as follows:

- a. the nature, extent and severity of Jamaal Valentine and/or Plaintiffs alleged injuries, incapacities, and disabilities;
- b. Jamaal Valentine and/or Plaintiffs, incapacities, and/or disabilities are the result in whole or in part of the injuries received by Jamaal Valentine and/or Plaintiffs and made the subject of this suit;
- c. the medical care and treatment rendered to Jamaal Valentine and/or Plaintiffs was reasonable and/or necessary;
- d. the subject incident did, based on reasonable medical probability, cause all of the complaints, disabilities, injuries, and/or incapacities of Jamaal Valentine and/or Plaintiffs;
- e. that any surgical intervention for treatment of Jamaal Valentine's and/or Plaintiffs' symptoms was necessitated and proximately caused by the incident made the subject of this lawsuit;
- f. that the medical expenses of Jamaal Valentine and/or Plaintiffs were necessitated by the subject incident made the subject of this lawsuit; and
- j. all other impressions and opinions that are contained, discussed or disclosed in:
  - (1) the medical records of Jamaal Valentine and/or Plaintiffs which have been and that may hereafter be produced in this cause;
  - (2) the medical records affidavits and medical billing affidavits which have been filed and which may hereafter be filed in this cause and all exhibits thereto;
  - (3) the depositions on written questions of Jamaal Valentine's and/or Plaintiffs' healthcare providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto; and
  - (4) all written reports of healthcare providers produced during the course

of discovery in this cause.

All of which documents are incorporated herein by reference as though set out at length for all purposes.

**Brief Summary of Basis for Impressions and Opinions**.  The basis for the foregoing impressions and opinions of the above named and/or designated expert witnesses are all of the facts shown by and/or contained in:

a. All of the medical records of Jamaal Valentine and/or Plaintiffs produced in this cause;
b. All depositions taken and hereafter taken in this cause, either by written questions or orally, and all exhibits thereto;
c. The expert reports herein above expressly referred to;
d. All witness statements which may be produced in this cause;
e. All of the photographs and videotape recordings produced in this cause;
f. The Disclosures, Responses to Requests for Production, Answers to Interrogatories, and the Amendments and Supplements thereto which have been filed by each of the parties to this cause;
g. The Pleadings on file in this cause; and
h. All documents and tangible things produced in this cause.

All of which records, reports, documents, depositions, photographs and videotape recordings are incorporated herein by reference and made a part hereof for all purposes as if set out at length herein.

## NON-RETAINED EXPERTS, OTHER THAN MEDICAL EXPERTS

**THE FOLLOWING INDIVIDUALS AND ENTITIES, THEIR OFFICERS, DIRECTORS, EMPLOYEES, FORMER EMPLOYEES, AGENTS, REPRESENTATIVES, SERVANTS, DEPUTIES, FIREFIGHTERS, AND CUSTODIANS OF RECORDS.**

Employees of
TASER International, Inc.
c/o Isaiah Fields
17800 N. 85th Street
Scottsdale, Arizona 85255
• Employees of TASER International, Inc., who have expertise regarding TASER warnings, proper training and use of TASER products.

Margo Frasier
MGT of America, Inc.

        502 East 11th Street, Suite 300
        Austin, Texas 78701
        (512) 476-4697

- Expert regarding police policies and procedures employed by Plaintiffs' former attorney to testify at the grand jury proceedings.

        Jesse Adame, M.D.
        Autopsy and Pathology Services, P.A.
        1442 Kingwood Drive #123
        Kingwood, Texas 77339

- Pathologist and corner employed by Plaintiffs' former attorney to testify at the grand jury proceedings.

Plaintiffs also incorporate herein by reference all depositions; depositions on written questions; documents and exhibits attached to or referenced in all depositions; and all documents produced by any party hereto in disclosures and/or discovery. Any opinions and bases for opinions discussed in deposition(s) are incorporated herein.

Plaintiffs further refer the Defendants to its retained and non-retained experts' files, reports and supplemental reports; Plaintiffs' pleadings, to include Plaintiffs' Complaint; initial and supplemental disclosures; pleadings of all parties; discovery of all parties; depositions and exhibits thereto; medical and billing records; rebuttal opinions, factual observations, opinions, deposition testimony and/or trial testimony and deposition exhibits of non-retained experts.

Plaintiffs further reserve the right through cross-examination or deposition, to call any expert witness identified herein by the Defendants.

Plaintiffs reserve the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to redesignate same as a consulting expert, who cannot be called by opposing counsel.

Plaintiffs reserve the right to call any undesignated expert witnesses in rebuttal, whose identities and testimony cannot reasonably be foreseen until Defendants have presented their evidence at trial.

Plaintiffs reserve the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

Plaintiffs reserve all additional rights they may have with regard to expert witnesses and testimony under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, case law and rulings of this Honorable Court.

Plaintiffs reserve the right to elicit expert opinion from any of the designated fact witnesses

within any area as to which such person has expertise.

To the extent necessary, this expert designation should be considered a supplement to any outstanding or future discovery requests served on Plaintiffs.

This designation shall serve to supplement Plaintiffs' disclosures, including fact witness designations, answers to interrogatories, pretrial disclosures, expert witness designations, and responses to requests for production propounded to Plaintiffs by any party inquiring as to expert witnesses.

Discovery in this matter is still ongoing and Plaintiffs reserve the right to supplement this designation if further discovery reveals the need for additional testimony.

This designation shall serve to supplement Plaintiffs' Rule 26(a) disclosures, including the identification of individuals likely to have discoverable information regarding Plaintiffs' claims or defenses, Answers to Interrogatories, and Responses to Requests for Production propounded to Plaintiffs by any party inquiring as to expert witnesses.

          Respectfully submitted,
          SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM


          By: */s/ John D. Sloan, Jr.*
              JOHN D. SLOAN, JR.
              State Bar No. 18505100
              J. RYAN FOWLER
              State Bar No. 24058357
              3000 Smith Street, Suite 4
              Houston, Texas 77006
              Phone: (713) 520-8833
              Facsimile: (713) 520-9933

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 1st day of June, 2012, a true and correct copy of this document was sent in accordance with the Federal Rules of Civil Procedure, to the following:

William S. Helfand
Norman Ray Giles
Chamberlain, Hrdlicka, White, Williams & Martin
1200 Smith Street, Suite 1400
Houston, Texas 77002

                                      /s/ *John D. Sloan, Jr.*
                                      JOHN D. SLOAN, JR.
                                      J. RYAN FOWLER